# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHAN MICHAEL HANKINS, | ) |
| Petitioner, | ) |
| v. | ) No: 1:17-cv-360-WTL-DML |
| KEITH BUTTS, | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

Once convicted and after exhaustion or waiver of any right to appeal, a defendant is presumed to stand "fairly and finally convicted." *United States v. Frady,* 456 U.S. 152, 164 (1982).

For the reasons explained in this Entry, the effort of Jonathan Michael Hankins to show otherwise with respect to his Johnson County convictions fails. For the reasons explained in this Entry, the petition of Jonathan Michael Hankins for a writ of habeas corpus must be **denied.** In addition, the Court finds that a certificate of appealability should not be issued.

## I. Background

The facts pertinent to the respondent's arguments that the statute of limitations had expired prior to Hankins's filing of his petition for writ of habeas corpus and that the action is barred by procedural default are the following:

1. On May 11, 2010, Hankins was charged in Johnson County with two counts of Class C felony child molesting. Hankins entered a plea of guilty to both charges on October 8, 2010 and he was sentenced to concurrent sentences of eight (8) years.

2. On April 1, 2011, Hankins's direct appeal was dismissed with prejudice.

3. Hankins filed an action for post-conviction relief on March 13, 2011. The motion for post-conviction relief was denied on December 14, 2015. No appeal was filed pertaining to the motion for post-conviction relief.

4. On January 17, 2017, Hankins's petition for permission to file a successive post-conviction relief petition was denied by the Indiana Court of Appeals.

5. Applying the prison mailbox rule, Hankins filed his petition for writ of habeas corpus on January 30, 2017. His amended petition was filed on April 26, 2017.

## II. Discussion

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

### A. Statute of Limitations

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Congress enacted AEDPA to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). "To that end, it

adopted a tight time line, a one-year limitation." *Id.* Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

Hankins's conviction became final on April 1, 2011. This was the date his direct appeal was dismissed. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

The running of the statute of limitations was tolled during the time a properly filed action for post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2); *Socha v. Boughton,* 763 F.3d 674, 682 (7th Cir. 2014). In this case, such an action was pending between March 14, 2011 and December 13, 2015. No part of the statute of limitations was used prior to the filing of the action for post-conviction relief.

The statute of limitations began to run on December 15, 2015. It expired one (1) year later, on December 15, 2016. The habeas petition was filed on January 30, 2017. This was 1½ months after the expiration of the statute of limitations. Hankins's filing of his petition for permission to file a second or successive action for post-conviction relief did not toll the running of the statute of limitations. *Tinker v. Hanks*, 172 F.2d 990 (7th Cir. 1999) (efforts to file a successive action for post-conviction relief, if unsuccessful, do not toll the running of the statute of limitations).

Hankins's petition for writ of habeas corpus filed on January 30, 2017 is barred by the applicable statute of limitations.

### B. Procedural Default

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451

n.3 (2005). Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and in post-conviction relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992); *Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)").

"Procedural default is a defense to federal habeas corpus review." *Oaks v. Pfister*, No. 15-2924, 2017 WL 2991742, at *2 (7th Cir. July 14, 2017)(citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). A petitioner's claim can be procedurally defaulted if he fails to assert that claim throughout at least one complete round of state-court review. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That is the nature of Hankins's procedural default in the present case. Specifically, he did not file a petition to transfer the decision in his direct appeal and he did not appeal the trial court's denial of his petition for post-conviction relief. *See Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). His procedural default just described deprived the Indiana Supreme Court of the """"opportunity to pass upon and correct" alleged violations of [Hankins's] federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Hankins fails to meet the burden that he have properly preserved for federal habeas review what have become his habeas claims throughout at least one complete round of state-court review and now offers no persuasive reason whereby the Court could reach the merits of his habeas claims despite his procedural default.

Hankins's habeas claims are barred by the doctrine of procedural default.

## III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Hankins has encountered the hurdles produced by the 1-year statute of limitations and the doctrine of procedural default. "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). As to the doctrine of procedural default, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). He has not shown the existence of circumstances permitting him to overcome these hurdles and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied** without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Hankins has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 8/16/2017

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JONATHAN MICHAEL HANKINS
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Eric Parker Babbs
INDIANA ATTORNEY GENERAL - MEDICAID FRAUD CONTROL UNIT
eric.babbs@atg.in.gov